UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HILLCREST INVESTMENTS, LTD.,

Plaintiff,

v.

AMERICAN BORATE COMPANY,

Defendant.

Case No. 2:15-cv-01613-RFB-GWF

**ORDER**

## I.   INTRODUCTION

Before the Court is Defendant's Motion for Sanctions (ECF No. 15) and Plaintiff's Motion to Amend (ECF No. 22). At the hearing held on March 17, 2016, the Court deferred its ruling on Defendant's Motion for Sanctions until briefing of Plaintiff's Motion to Amend was complete. For the reasons stated below the Court denies Plaintiff's Motion to Amend and denies Defendant's Motion for Sanctions.

## II.   BACKGROUND

### A.  Factual Allegations

The Plaintiff alleges the following in its proposed Amended Complaint. ECF No. 22-4.

This litigation involves the water rights and mining rights in Nye County. Defendant claims they sold their water rights and mining claims to non-party Amargosa Enterprises, LLC/Bootee Bandito Inc. ("Amargosa") for $175,000. Am. Compl. at ¶ 12. Plaintiff Hillcrest purchased these water rights from Amargosa for $175,000.00. Id. at ¶ 13. On March 15, 2011 a Nye County court ruled that the water rights belonged to Plaintiff, rather than Amargosa. Id. at ¶ 16.

On March 31, 2011, Amargosa filed a lawsuit in federal court against Defendant without notifying Plaintiff. Id. at ¶ 17. Amargosa and Defendant settled the claims involved. Id. at ¶ 18.

Plaintiff requested a title report in 2011 in conjunction with the sale of the property. Id. at ¶ 19. The report showed that non-party Galtar LLC, not Defendant, owned the water rights, and that Defendant had sold the rights to Galtar in December 2006. Id. at ¶ 21. As a result, Plaintiff was required to purchase the water rights from Galtar for $317,017.87. Id. at ¶ 22.

Defendant will not return the $175,000 it received from Amargosa. Id. at ¶ 23. Defendant still has liens/encumbrances on the water rights. Id. at ¶ 24. Defendant still has mineral deeds filed on the mining claims. Id. at ¶ 25. Defendant has released both the water rights and mining claims multiple times and has no right to continued encumbrances on the water rights or mining claims. Id. at ¶ 26. Plaintiff has had to pay additional taxes resulting from the mineral deeds Defendant has not released. Id. at ¶ 27.

### B. Procedural History

Plaintiff filed a complaint in the Fifth Judicial District for the State of Nevada on June 10, 2015. ECF No 1-1 at 5. Defendant removed the instant case on August 21, 2015. ECF No. 1. Defendant filed a Motion to Dismiss that same day. ECF No. 3. Defendant later filed a Motion for Sanctions on October 15, 2015. ECF No. 15.

The Court held a hearing on March 17, 2016. It granted in part and denied in part Defendant's Motion to Dismiss as follows: the Court dismissed Plaintiff's fraudulent misrepresentation and unjust enrichment claims, and allowed Plaintiff to file a Motion to Amend on potential negligence and quiet title claims raised in its Opposition to Defendant's Motion to Dismiss. ECF No. 21. The Court deferred ruling on Defendant's Motion for Sanctions until Plaintiff's Motion to Amend was fully briefed. ECF No. 21. Plaintiff filed its Motion to Amend on March 25, 2016. ECF No. 22.

### III.    MOTION TO AMEND

#### A. Legal Standard

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp.

1    v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d

2    1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial

3    scheduling order that established a timetable for amending the pleadings, and the deadline [has]

4    expired" before the filing of the motion to amend).

5            According to Rule 15, courts should freely grant a party leave to amend "when justice so

6    requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens

7    v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks

8    omitted). In general, leave to amend under Rule 15 should be denied only where there is a

9    "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—

10   considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S.

11   Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962).

12           Regarding futility, amendment is futile if the claim will be barred by the statute of

13   limitations. See Deutsch v. Turner Corp., 324 F.3d 692, 718 n. 20 (9th Cir.2003).

14           **B.  Discussion**

15           Plaintiff seeks to amend its complaint to add three claims: (1) negligence for failure to

16   ensure ownership of the mining and water rights; (2) negligence per se for violation of NRS

17   205.395, a law creating a civil right of action based on false representations concerning title; and

18   (3) direct assertion of a violation of the same statute, NRS 205.395.

19           **1. Amendment Would be Futile because Plaintiff's Claims are Time-**

20                   **Barred**

21           Defendants Opposition to Plaintiff's Motion to Amend asserts that each of the new claims

22   Plaintiff seeks to assert would be time barred, and thus amendment is futile.

23           **a.  Legal Standard**

24           Under Nevada law, "an action for relief on the ground of fraud or mistake" is subject to a

25   three year statute of limitations, "but the cause of action in such a case shall be deemed to accrue

26   upon the discovery by the aggrieved party of the facts constituting fraud or mistake." NRS

27   11.190(3)(d). A claim for money damages resulting from negligence with regard to deeds for real

28   property is governed by 11.190(3)(d). See Allen v. Title Insurance and Trust Co., 485 P.2d 677,

684 (Nev. 1971) (claim for damages for negligent failure to record a deed of trust governed by NRS 11.190(3), the statute of limitations for fraud or mistake). The three-year period set out in 11.190(3)(d) begins to run "when the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action." Siragusa v. Brown, 971 P.2d 801, 806. While this is generally a question for the trier of fact, it may be decided as a matter of law where uncontroverted evidence proves that the plaintiff discovered or should have discovered the relevant conduct. See Id. (approving of Ninth Circuit holding that the question may be decided as a matter of law).

Nevada's recording statute states that "[e]very such conveyance or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed in this chapter or in NRS 105.010 to 105.080, inclusive, must from the time of filing the same with the Secretary of State or recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice." N.R.S. § 111.320. "Ordinarily the constructive knowledge of recording statutes is held to prospective purchasers of realty." Allen v. Webb, 87 Nev. 261, 270 (Nev. 1971). Regarding water rights, the Nevada Supreme Court has held that "[i]n Nevada, water rights must be transferred by deed, and such deeds must be acknowledged and '[r]ecorded in the office of the county recorder of each county in which the water is applied to beneficial use and in each county in which the water is diverted from its natural source.' A deed so recorded 'impart[s] notice of the contents of the deed to all persons at the time the deed is recorded, and a subsequent purchaser or mortgagee shall be deemed to purchase and take with notice of the contents of the deed.'" Adaven Mgmt., Inc. v. Mountain Falls Acquisition Corp., 191 P.3d 1189, 1194 (Nev. 2008).

In Allen v. Title Insurance and Trust Co., 485 P.2d 677, 684 (Nev. 1971), the Nevada Supreme Court invoked the possibility that record notice could start the running of the statute of limitations for an action for relief on the ground of fraud or mistake. NRS 11.190(3)(d). The Court found that where Plaintiffs did not have reason to check the records, recording of another deed did not necessarily establish constructive knowledge of the recorded deed, and thereby start the running of the statute. Allen, 485 P.2d at 270.

- 4 -

1       Under Nevada law, "an action upon a liability created by a statute, other than a penalty or

2   forfeiture," is subject to a three year statute of limitations. NRS 11.190(3)(a). Where a negligence

3   per se claim is rooted in a statute establishing civil liability for particular conduct, the applicable

4   statute of limitations is that for liability created by a statute—NRS 11.190(3)(a). See Torrealba v.

5   Kesmetis, 178 P.3d 716, 719 (Nev. 2008) (finding negligence per se claim for violating law stating

6   that a notary public "is liable . . . to the parties injured" for misconduct or neglect to be governed

7   by NRS 11.190(3)(a)'s three-year statute of limitations). "[A]n action to recover damages for

8   injuries to a person or for the death of a person caused by the wrongful act or neglect of another"

9   is subject to a two year statute of limitations. NRS 11.190(4)(e).

### b. Discussion

11      In opposition to Plaintiff's Motion, Defendant argues that amendment is futile because

12  Plaintiff's claims are time barred since: 1) the recorded 2006 Galtar deed and 2008 Amargosa deed

13  gave Plaintiff record notice; and 2) the 2011 state court lawsuit put Plaintiff on notice as well.

14      The Court finds that the applicable time bar for the asserted negligence claim, which does

15  not involve the injury or death of a person, but is rather a fraud or mistake related to a commercial

16  transaction, is three years under NRS 11.190(3)(d).  See Allen v. Title Insurance and Trust Co.,

17  485 P.2d 677, 684 (Nev. 1971) (claim for damages for negligent failure to record a deed of trust

18  governed by NRS 11.190(3)(d), the statute of limitations for fraud or mistake). The applicable

19  statute of limitations for the negligence per se and statutory violation claims is three years under

20  NRS 11.190(3)(a). See Torrealba v. Kesmetis, 178 P.3d 716, 719 (Nev. 2008) (finding negligence

21  per se claim for violating law stating that a notary public "is liable . . . to the parties injured" for

22  misconduct or neglect to be governed by NRS 11.190(3)(a)'s three-year statute of limitations).

23  Defendant has argued that the two-year statute of limitations for "negligence" applies. Plaintiff has

24  not made arguments concerning the applicable statute of limitations, nor does Plaintiff dispute that

25  the rights in question were properly recorded on the dates as Defendant describes. Rather, Plaintiff

26  argues that it did not have notice and that because water rights are not recorded in the same manner

27  as property rights, Defendant's arguments regarding notice are not applicable to water rights.

28

As an initial matter, the Court finds that Plaintiff has not stated anywhere in its proposed Amended Complaint that it has an interest in the mining rights in question. Rather, Plaintiff states that Defendant represented that it owned mining rights and that Defendant sold those rights to Amargosa. Am. Compl. at ¶ 11, 12. While Plaintiff alleges that it purchased water rights from Amargosa, Plaintiff does not allege that it also purchased or otherwise acquired the mining rights described in Paragraph 9 of its proposed Amended Complaint. Id. at ¶ 14. Therefore, the Court does not find that Plaintiff has stated a claim related to mining rights, as it does not allege it has or sought an interest in such rights.

The Court finds that all of Plaintiff's claims are time-barred. Plaintiff's proposed Amended Complaint states the following: "Hillcrest requested a title report in 2011 in conjunction with the sale of the property. When the title report was finally returned, it demonstrated that American Borate Company did not have the water rights as represented to Amargosa Enterprises, that instead the water rights were owned by Galtar LLC ("Galtar"). Am. Compl. at ¶¶ 19, 20. Moreover, the proposed Amended Complaint alleges that in March 2011, a state court ruled in Plaintiff's favor regarding the same water rights. Id. at ¶16. It is implausible that Plaintiff did not have notice of the deficient deed, and the reason for that deficiency—that Defendant American Borate had sold the rights to Galtar—after that suit. Even if a requested report were not returned, a litigant exercising due diligence in such a case would investigate the recorded deeds. The Court finds that its claims are time-barred because Plainiffs had constructive knowledge sufficient to start the running of the statutes of limitations under NRS 11.190(3)(d), NRS 11.190(3)(a), and 11.190(4)(e).

The Nevada Supreme Court has held that "[i]n Nevada, water rights must be transferred by deed, and such deeds must be acknowledged and '[r]ecorded in the office of the county recorder of each county in which the water is applied to beneficial use and in each county in which the water is diverted from its natural source.' A deed so recorded 'impart[s] notice of the contents of the deed to all persons at the time the deed is recorded, and a subsequent purchaser or mortgagee shall be deemed to purchase and take with notice of the contents of the deed.'" Adaven Mgmt., Inc. v. Mountain Falls Acquisition Corp., 191 P.3d 1189, 1194 (Nev. 2008) (citing NRS 533.383:

"The recording of a deed pursuant to NRS 533.382 shall be deemed to impart notice of the contents of the deed to all persons at the time the deed is recorded, and a subsequent purchaser or mortgagee shall be deemed to purchase and take with notice of the contents of the deed.").

In Allen v. Title Insurance and Trust Co., 485 P.2d 677, 684 (Nev. 1971), the Nevada Supreme Court invoked the possibility that record notice could start the running of the statute of limitations for an action for relief on the ground of fraud or mistake, which "shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." NRS 11.190(3)(d). The Court found that where Plaintiffs did not have reason to check the records, recording of another deed did not necessarily establish constructive knowledge of the recorded deed, and thereby start the running of the statute of limitations for fraud or mistake. 485 P.2d at 270. In Allen, after purchase, but before recording of a deed pursuant to that purchase, another deed was recorded. The Plaintiffs sued their agent for failure to record their deed before the subsequent purchaser. The court found that in this situation, where Plaintiffs possessed a deed thought to have been recorded, they would not have had a reason to check the records after the purchase, and therefore there was not constructive knowledge of the agent's failure to timely file the plaintiffs' deed. In the instant case, the prior deed was recorded well before Plaintiff's attempted purchase of the rights. Id at 264. Plaintiffs had a clear reason to check the records—they were purchasing rights to real property and needed to ensure they would take title. Moreover, speaking as to water rights in 2008, the Nevada Supreme Court unambiguously stated that "a deed so recorded 'impart[s] notice of the contents of the deed to all persons at the time the deed is recorded, and a subsequent purchaser or mortgagee shall be deemed to purchase and take with notice of the contents of the deed.'" Adaven Mgmt, 191 P.3d at 1194.

Plaintiff's proposed Amended Complaint alleges that "the public records show that American Borate Company sold the water rights to Galtar in December 2006." Am. Compl. at ¶ 21. Defendant has attached a copy of the recorded deed, the validity of which Plaintiff has not contested, to its Opposition. D's Opp'n to P's Mot. to Amend - Ex. 3. That copy contains a heading labeled "Official Records Nye County Nevada" and dated December 8, 2006. Id. Defendants further describe how that recorded deed also serves as a record of the underlying water rights.

Under Nevada law, "unless the deed conveying land specifically provides otherwise, all . . . adjuciated or unadjuciated water rights . . . which are appurtenant to the land are presumed to be conveyed with the land." NRS 111.167. Publicly available records show that the place of use of water rights is a portion of one of the parcels conveyed in that 2006 Galtar deed, which did not reserve any rights. Id. at Ex. 4; State of Nevada Division of Water Resources, Place of Use Information, http://water.nv.gov/data/permit/permit.cfm?page=3&app=48479. When considering a Motion to Dismiss, a Court may properly look beyond the complaint to consider "matters of general public record." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1998). As such, the court takes judicial notice of the uncontested recorded deed, and the state engineer records showing water rights contained therein, and finds that there is a validly recorded deed for water rights contained within the validly recorded deed for land from American Borate to Galtar, recorded on December, 8, 2006.  The Nevada Supreme Court has held that recorded deeds for water rights provide constructive notice "to all persons at the time the deed is recorded, and a subsequent purchaser or mortgagee shall be deemed to purchase and take with notice of the contents of the deed." Adaven Mgmt, 191 P.3d at 1194. As such, the Court finds that Plaintiff had constructive notice at the time it purchased the deficient deed.  The Plaintiff's claims are therefore barred by the statute of limitations, as the Plaintiff constructively knew or should have known of the facts which serve as the basis for the claims in the Amended Complaint more than three years before the filing of the instant case.

Defendant's claim that Plaintiff had constructive knowledge is also established by the proposed Amended Complaint's allegation that on March 15, 2011, a state court ruled in its favor in litigation regarding the same water rights between Plaintiff and Amargosa. Pl's Proposed Am. Compl. at ¶ 16. Even if Plaintiff's purchase of the deficient deed, with constructive notice of prior recorded deeds, did not trigger the start of the statute of limitations, the state court's lawsuit and ruling as of at least March 15, 2011, did start the clock on the statute of limitations. The applicable statute of limitations begins to run "when the plaintiff knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action."  Siragusa v. Brown, 971 P.2d 801, 806.  The Court therefore finds that Plaintiff had constructive knowledge of

the facts of the fraud or mistake at the latest when it was the object of a court judgment on March 15, 2011. Even using that date as the date of constructive knowledge, the three-year statutes of limitations—and the shorter, two-year statute of limitations for personal injury negligence cited by the Defendant and not opposed by Plaintiff—would have run prior to the commencement of the instant lawsuit on June 10, 2015. Because all three claims arise from the same alleged misconduct and are governed by a three-year statute of limitations, all three are time barred.

Because the Court finds that Plaintiff's claims in its proposed Amended Complaint are time-barred, the Court finds that amending Plaintiff's complaint would be futile and denies the Motion to Amend. The Court does not address Defendant's alternative arguments as to why Plaintiff's Motion should be denied.

### IV.    MOTION FOR SANCTIONS

#### A.  Legal Standard

Rule 11 of the FRCP allows a court to impose sanctions against a party or attorney that presents a pleading or written motion that is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b), (c). Rule 11 sanctions shall be assessed if, under an objective standard, "the paper filed in district court and signed by an attorney . . . is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in bad faith." Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537-38 (9th Cir. 1986) (internal quotation marks omitted). "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers . . . thereby avoiding delay and unnecessary expense in litigation." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002).

#### B.  Discussion

In its Motion for Sanctions, Defendant argues it is entitled to sanctions because Plaintiff's Complaint is barred by issue and claim preclusion. ECF No. 15. In its Supplement, Defendant argues that it is entitled to sanctions because Plaintiff's proposed Amended Complaint is clearly time-barred pursuant to its own allegations in that Complaint and an attached letter to Defendant

1  (ECF No. 26-1). ECF No. 27. In both filings, Defendant argues that Plaintiff's actions constitute a

2  clear persistent pattern of abusive litigation activity. See Aetna Life Ins. Co. v. Alla Med. Servs.,

3  Inc., 855 F.2d 1470, 1476 (9th Cir. 1988).

4       In response, Plaintiff argues that its claims are not precluded, nor are they time-barred.

5  Plaintiff argues its claims are not precluded because the parties were not in privity with one

6  another, and there was no final judgment. Plaintiff asserts that its claims are not time barred.

7       The Court does not find that Plaintiff's claims are precluded. Under Nevada law, "for claim

8  preclusion to apply, a defendant must demonstrate that (1) there has been a valid, final judgment

9  in a previous action; (2) the subsequent action is based on the same claims or any part of them that

10  were or could have been brought in the first action; and (3) the parties or their privies are the same

11  in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that

12  he or she should have been included as a defendant in the earlier suit and the plaintiff fails to

13  provide a 'good reason for not having done so." Weddell v. Sharp, 350 P.3d 80, 81 Nev. (2015),

14  reh'g denied (July 23, 2015). Similarly, "the following factors are necessary for application of issue

15  preclusion: '(1) the issue decided in the prior litigation must be identical to the issue presented in

16  the current action; (2) the initial ruling must have been on the merits and have become final; ... (3)

17  the party against whom the judgment is asserted must have been a party or in privity with a party

18  to the prior litigation'; and (4) the issue was actually and necessarily litigated." Five Star Capital

19  Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008). In this case, the Court does not find that Defendant

20  has demonstrated that Plaintiff and non-party Amargosa, the party to the prior action, were in

21  privity with one another. The Court also finds that the issues in the previous case are not identical

22  to the issues in this case as the parties in both cases were different with different respective

23  positions and roles in the four transactions at issue. Nor has Defendant demonstrated that there

24  was a final judgment in that case. Therefore, the Court rejects Defendant's first argument.

25       Second, while the Court disagrees with Plaintiff regarding the applicable statutes of

26  limitations, the Court does not find that Defendant is entitled to sanctions because Plaintiff's claims

27  are time-barred. The Court does not find that Plaintiff's filings are frivolous, legally unreasonable

28

1   or without legal foundation. <u>Golden Eagle</u>, 801 F.2d at 1537-38. Therefore, the Court denies

2   Defendant's Motion.

4   **V.    MOTION TO DISMISS**

5        **A.  Background**

6        At the hearing on March 17, 2016, the Court dismissed Plaintiff's fraudulent

7   misrepresentation and unjust enrichment claims. ECF No. 21 (order on ECF No. 3). As the Court

8   did not issue a written opinion, the Court includes in this Order a brief written elaboration of its

9   previous oral ruling and incorporates by reference the factual findings and reasoning of the oral

10  ruling on March 17.

11        **B.  Legal Standard**

12            **1.  Fraudulent Misrepresentation**

13        In Nevada a plaintiff must allege the following elements for fraudulent misrepresentation:

14  (1) A false representation made by the defendant; (2) defendant's knowledge or belief that its

15  representation was false or that defendant has an insufficient basis of information for making the

16  presentation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the

17  misrepresentation; and (4) damage to the plaintiff as a result of justifiable reliance on the

18  misrepresentation. <u>Barmettler v. Reno Air, Inc.</u>, 956 P.2d 1382, 1386 (Nev. 1998).

19        "Under NRCP 9(b), a plaintiff must plead the circumstances constituting fraud with

20  particularity. Pleading with particularity is required in order to afford adequate notice to the

21  opposing part[ies], so that they can defend against the charge and not just deny that they have done

22  anything wrong . . . To plead with particularity, plaintiffs must include in their complaint

23  averments to the time, the place, the identity of the parties involved, and the nature of the fraud.

24  Malice, intent, knowledge and other conditions of the mind of a person may be averred generally."

25  <u>Rocker v. KPMG LLP</u>, 148 P.3d 703, 707-08 (2006), <u>abrogated on other grounds by</u> <u>Buzz Stew,</u>

26  <u>LLC v. City of N. Las Vegas</u>, 181 P.3d 670 (2008)."

27  / / /

28  / / /

### 2.   Unjust Enrichment

"Unjust enrichment exists when the <u>plaintiff confers a benefit on the defendant</u>, the defendant appreciates such benefit, and there is 'acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." <u>Certified Fire Prot. Inc. v. Precision Constr.</u>, 283 P.3d 250, 257 (Nev. 2012) (emphasis added). "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." <u>Leasepartners Corp. v. Brook </u>Trust, 942 P.2d 182, 187 (Nev. 1997).

### C.  Discussion

As stated at the March 17, 2016 hearing, Plaintiff cannot state a claim for fraudulent misrepresentation because it has not plead any particular facts as to what misrepresentation was made directly <u>to it by American Borate</u>. Plaintiff withdrew its fraudulent misrepresentation claim at that hearing. Similarly, Plaintiff cannot state a claim for unjust enrichment as plaintiff conferred no benefit on American Borate. Plaintiff sought to purchase the rights from, and paid Amargosa, not American Borate. Plaintiffs have not cited and the Court is not aware of any a legal authority that permits these claims based only on a transaction with an entity not party to the instant suit.

## VI.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend is **DENIED**. ECF No. 22.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions is **DENIED**. ECF No. 15.

As no claims remain in this case, the Clerk of Court is directed to close this case.

**DATED**: <u>September 30, 2016</u>.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28